UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LIEBOWITZ LAW FIRM, PLLC

          *Plaintiff,*

– against –

GLEN CRAIG

          *Defendant.*

Case No. 1:21-cv-04914

---

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Liebowitz Law Firm LLC ("LLF" or "Plaintiff"), by and through its undersigned counsel and as for its Complaint for Declaratory Judgment against defendant Glen Craig ("Craig" or "Defendant") alleges as follows:

### NATURE OF THE ACTION

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.,* for a judicial declaration that two (2) of Craig's copyright registrations respecting four (4) separate photographs allegedly authored by Craig are invalid and of no force and effect under section 411(b) of the Copyright Act, 17 U.S.C. §§ 411(b).

### PARTIES

2. LLF is a professional limited liability company, duly organized and existing under the laws of the State of New York, with a principal place of business in New York. LLF is a law firm which specializes in enforcing copyrighted works on behalf of its clients.

3. Upon information and belief, Craig is an individual domiciled at 30-60 Crescent Street, 2C, Astoria, New York 11102. Craig purports to be a photographer who allegedly took photographs of musicians in the late 1960's and early 1970's.

**JURISDICTION AND VENUE**

4. The Court has original jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202; 28 U.S.C. 1338(a); and under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

5. Venue is proper under 28 U.S.C. §§ 1391(b)-(c) because the named defendant is domiciled in this District.

**FACTUAL BACKGROUND**

**A.     Craig's Copyright Registration of a Miles Davis Photograph**

6. Craig purports to be the author and copyright claimant of a photograph of jazz musician Miles Davis, which was taken in 1971 (the "Miles Davis Photograph"). A true and correct copy of the Miles Davis Photograph is attached hereto as Exhibit A.

7. On November 20, 2014, Craig purported to register a number of photographs of Miles Davis, including the Miles Davis Photograph at issue, with the United States Copyright Office ("USCO") as an *unpublished* collection under registration number VAu001192067 with the content title "Miles Davis photos all jpgs 1970 1971" (the "067 Registration"). A true and correct copy of the 067 Registration, as maintained on the Public Catalog of the USCO's official website is attached hereto as Exhibit B.

8. However, the Miles Davis Photograph was published prior to November 20, 2014.

9. On or about February 18, 2014, prior to the effective date of the 067 Registration, Craig entered into a commercial license agreement with Sony Music Entertainment ("Sony Music") concerning the Miles Davis Photograph.

10. Craig therefore published the Miles Davis Photograph at least nine months

*before* he registered the Miles Davis Photograph as "unpublished." A true and correct copy of Craig's License Agreement with Sony Music is attached hereto as Exhibit C (appropriately redacted as to Craig's social security number).

**B.     Craig's Copyright Infringement Action Against PopMatters Media, Inc.**

11.     On September 11, 2018, Craig filed a one-count action against PopMatters Media, Inc. ("PopMatters") in the United States District Court for the Southern District of Illinois, captioned *Craig v. PopMatters Media, Inc.*, 3:18-cv-01713-SMY (S.D. Ill., East St. Louis), which was subsequently re-filed in the Northern District of Illinois, *Craig v. PopMatters Media, Inc.*, 1:19-cv-05596 (N.D. Ill. Chicago) (collectively, the "PopMatters Action").

12.     In the PopMatters Action, Craig alleged that PopMatters infringed Craig's copyright to the Miles Davis Photograph by displaying it on-line without Craig's authority. Craig's standing to sue PopMatters was based on the alleged validity of the 067 Registration respecting the Miles Davis Photograph.

13.     LLF served as Craig's counsel in the PopMatters Action.

14.     Craig never disclosed to LLF that he had licensed the Miles Davis Photograph to Sony Music and its sub-licensees, including PopMatters. Ultimately, LLF learned of the license from PopMatter's counsel and, as a result, promptly dismissed the PopMatters Action on Craig's behalf.

15.     Craig's voluntary dismissal of the PopMatters Action in the Northern District of Illinois was deemed an adjudication on the merits (because it was the second time a voluntary dismissal was filed). Therefore, PopMatters was deemed a "prevailing party" for purposes of fee-shifting under 17 U.S.C. § 505.

3

16. On March 23, 2020, the Honorable Ronald A. Guzman (U.S.D.J.) entered an order awarding $24,040.45 in fees and costs against Craig under section 505 of the Copyright Act, 17 U.S.C. § 505.  Judge Guzman also denied a sanctions motion against LLF.  In awarding attorneys' fees against Craig, Judge Guzman noted that "Defendant [PopMatters] has presented persuasive evidence and argument that it has substantial defenses to plaintiff's copyright claim – that defendant's use was licensed and that plaintiff's photograph was a work made for hire."

**C.     Craig's Copyright Registration of B.B. King Photographs**

17. Craig purports to be the author and copyright claimant of three photographs of blues musician B.B King, which were taken in 1969 (the "B.B. King Photographs").  True and correct copies of the B.B. King Photographs are attached hereto as Exhibit D.

18. On March 18, 2014, Craig purported to register photographs of B.B. King with the USCO as an *unpublished* collection under registration number VAu001159683 with the content title "B.B. King Unpublished Photos 1969" (the "683 Registration").  A true and correct copy of the 683 Registration, as maintained on the Public Catalog of the USCO's official website, is attached hereto as Exhibit E.

19. However, the B.B. King Photographs were published prior to March 18, 2014.

20. Craig published the Photographs when he submitted them to Changes Magazine for publication at some point between 1969 and 1971.

**D.     Craig's Copyright Infringement Action Against Universal Music Group, Inc.**

4

21. On July 7, 2016, Craig filed a two-count action against Universal Music Group, Inc. ("UMG"), Kingsid Ventures, Ltd., and Estate of Riley B. King in the United States District Court for the Southern District of New York, captioned *Craig v. Universal Music Group, Inc. et al*, 1:16-cv-05439-JPO (S.D.N.Y.) ("UMG Action"). The complaint alleged one count of copyright infringement and one count of violation of section 1202(b) of the Digital Millennium Copyright Act ("DMCA"). Craig alleged that UMG had used the B.B. King Photographs without Craig's authorization and without providing Craig proper credit.

22. LLF served as Craig's counsel in the UMG Action.

23. During the pendency of the UMG Action, the Honorable J. Paul Oetken (U.S.D.J.) entered an order on summary judgment finding that the B.B. King Photographs were published in 1971. A true and correct copy of the Court's order on summary judgment, appropriately highlighted, is attached hereto as Exhibit F.

24. Further, Craig admitted under oath at his deposition that the B.B. King Photographs were published long before the effective date of the 683 Registration, which is March 18, 2014. A true and correct copy of relevant excerpts from Craig's deposition transcript, appropriately highlighted, are attached hereto as Exhibit G.

25. The UMG Action was settled after Craig voluntarily entered into a written settlement agreement. Several weeks after executing the settlement agreement on December 30, 2019, Craig attempted to extricate himself from the agreement by falsely claiming that he never signed the document. However, after a full in-person hearing where Craig testified, Judge Oetken determined that Craig had in fact signed the settlement agreement and that Craig had failed to demonstrate that he signed the

agreement under duress. Accordingly, the settlement agreement was deemed enforceable and the UMG Action was dismissed.

**E.     Craig's State Court Action Against LLF**

26.     On October 21, 2020, Craig filed an action in the Supreme Court of the State of New York against LLF and its founding principal, Richard Liebowitz ("Liebowitz") alleging, *inter alia*, that LLF and Liebowitz had committed legal malpractice in the PopMatters Action and UMG Action. *See Craig v. Liebowitz Law Firm, PLLC et al.*, Index No. 15883/2020 (the "State Court Action").

27.     Craig's complaint in the State Court Action alleges that Craig would have prevailed in the PopMatters Action but for LLF and Liebowitz's professional negligence. Craig also alleges that as a result of LLF and Liebowitz's alleged negligence, Craig would have recovered more money at trial than he received under his settlement agreement with UMG.

28.     On August 23, 2021, LLF and Liebowitz filed verified counterclaims against Craig sounding in actual fraud and deceit, breach of contract and breach of good faith and fair dealing. Specifically, LLF and Liebowitz allege, *inter alia*, that Craig defrauded LLF by failing to disclose that: (a) Craig had published the Miles Davis Photograph prior to registering it as "unpublished" as part of the 067 Registration; and (b) Craig had published the B.B. King Photographs prior to registering them as "unpublished" as part of the 683 Registration.

6

## COUNT I:

## DECLARATORY JUDGMENT RE:
## COPYRIGHT INVALIDITY OF MILES DAVIS PHOTOGRAPH

(28 U.S.C. §§2201(a); 2202; 17 U.S.C. §§ 411(b))

29.     LLF incorporates by reference all of the factual allegations stated in the preceding paragraphs to this Complaint as if fully set forth herein.

30.     The district court has jurisdiction to render a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a) where an "actual controversy" exists.

31.     The adverse positions of the parties have crystallized and the conflict of interests is real and immediate because Craig has filed the State Court Action against LLF which hinges on the validity of the 067 Registration respecting the Miles Davis Photograph.  LLF, in turn, has filed state law counterclaims for fraud and deceit against Craig relating to the invalidity of the 067 Registration respecting the Miles Davis Photograph.

32.     Craig's attempt to leverage the materially defective 067 Registration to extort LLF for vast sums of money in the State Court Action has created a justiciable controversy regarding the validity of the 067 Registration, which only the federal court has subject matter jurisdiction to adjudicate.

33.     LLF's petition for declaratory judgment under Count I includes a request for adjudication of the following legal issues under section 411(b)(1)(A) of the Copyright Act: (a) whether Craig provided inaccurate information to the USCO when he designated the Miles Davis Photograph as "unpublished" as of November 20, 2014; (b) whether Craig had knowledge of the inaccuracy by virtue of the fact that the Miles Davis

7

Photograph had been licensed by Craig to Sony Music prior to November 20, 2014. *See* 17 U.S.C. §411(b)(1)(A).

34.  In the event the Court determines that the inaccurate information pertaining to the Miles Davis Photograph was included on the application for the 067 Registration with knowledge that it was inaccurate, then LLF's petition for declaratory judgment under Count I respectfully requests that the Court refer this matter to the USCO to determine whether the USCO would have refused to register the Miles Davis Photograph as part of the 067 Registration had it known that the Miles Davis Photograph was previously published. *See* 17 U.S.C. §411(b)(2).

35.  Section 101 of the Copyright Act defines publication as "the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease or lending." 17 U.S.C. §101. Craig's license of the Miles Davis Photograph to Sony Music on February 18, 2014 constituted "publication" under section 101 of the Copyright Act.

36.  As part of his application for the 067 Registration, Craig knowingly made inaccurate representations to the USCO that the Miles Davis Photograph was "unpublished" as of November 20, 2014.

37.  Given that the Miles Davis Photograph was published prior to the effective date of the 067 Registration, and given that Craig had actual knowledge that the Miles Davis Photograph was licensed to Sony Music on February 14, 2014, the 067 Registration is invalid as a matter of law with respect to the Miles Davis Photograph at issue in this lawsuit.

## COUNT II:

## DECLARATORY JUDGMENT RE:
## COPYRIGHT INVALIDITY OF THE B.B. KING PHOTOGRAPHS

(28 U.S.C. §§2201(a); 2202; 17 U.S.C. §§ 411(b))

38. LLF incorporates by reference all of the factual allegations stated in the preceding paragraphs to this Complaint as if fully set forth herein.

39. The district court has jurisdiction to render a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a) where an "actual controversy" exists.

40. The adverse positions of the parties have crystallized and the conflict of interests is real and immediate because Craig has filed the State Court Action against LLF which hinges on the validity of the 683 Registration respecting the B.B. King Photographs. LLF, in turn, has filed state law counterclaims for fraud and deceit against Craig relating to the invalidity of the 683 Registration respecting the B.B. King Photographs.

41. Craig's attempt to leverage the materially defective 683 Registration to extort LLF for vast sums of money in the State Court Action has created a justiciable controversy regarding the validity of the 683 Registration, which only the federal court has subject matter jurisdiction to adjudicate.

42. LLF's petition for declaratory judgment under Count II includes a request for adjudication of the following legal issues under section 411(b)(1)(A) of the Copyright Act, (a) whether Craig provided inaccurate information to the USCO when he designated the B.B. King Photographs as "unpublished" as of March 18, 2014; (b) whether Craig had knowledge of the inaccuracy by virtue of the fact that the B.B. King Photographs had

9

been distributed by Craig to Changes Magazine, prior to March 18, 2014. *See* 17 U.S.C. §411(b)(1)(A).

43.	In the event the Court determines that the inaccurate information pertaining to the B.B. King Photographs was included on the application for the 683 Registration with knowledge that it was inaccurate, then LLF's petition for declaratory judgment under Count II respectfully requests that the Court refer this matter to the USCO to determine whether the USCO would have refused to register the B.B. King Photographs as part of the 683 Registration had it known that the B.B. King Photographs were previously published. *See* 17 U.S.C. §411(b)(2).

44.	Section 101 of the Copyright Act defines publication as "the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease or lending." 17 U.S.C. §101. Craig's distribution of the B.B. King Photographs to Changes Magazine prior to March 18, 2014 constituted "publication" under section 101 of the Copyright Act.

45.	As part of his application for the 683 Registration, Craig knowingly made inaccurate representations to the USCO that the B.B. King Photographs were unpublished as of March 18, 2014.

46.	Given that the B.B. King Photographs were published prior to the effective date of the 683 Registration, and given that Craig had actual knowledge that the B.B. King Photographs were published, the 683 Registration is invalid as a matter of law with respect to the B.B. King Photographs at issue in this lawsuit.

10

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Craig's registration of the Miles Davis Photograph as part of the 067 Registration be declared invalid pursuant to 17 U.S.C. §411(b)(2) of the Copyright Act;

2. That Craig's registration of the B.B. King Photographs as part of the 683 Registration be declared invalid pursuant to 17 U.S.C. §411(b)(2) of the Copyright Act;

3. That Plaintiff be awarded its attorneys' fees and costs pursuant to 17 U.S.C. § 505 and/or Fed.R.Civ.P. 54(d).

4. Such other and further relief as the Court may deem just and proper.

Dated: New Rochelle, New York
August 31, 2021

LIEBOWITZ LAW FIRM, PLLC

By: /s/jameshfreeman/
James H. Freeman
1333A North Ave, Ste. 762
New Rochelle, New York 11580
Tel: (516) 233-1660
JF@LiebowitzLawFirm.com

*Attorney for Plaintiff*
*Liebowitz Law Firm, PLLC*